IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JUDGE KATHLEEN CARDONE

MACEDONIO MARTINEZ,

    Plaintiff,

CASE NO.: _____

v.

PLAINTIFF'S ORIGINAL COMPLAINT

CITY OF EL PASO, TEXAS,

    Defendant,

Demand for Jury Trial under Texas Tort Claim Act (TTCA), for Premises Liability

EP 12CV0441

## ORIGINAL COMPLAINT

### PARTIES

1. Macedonio Martinez, is the Plaintiff at all times relevant to this cause of action.

2. City of El Paso, Texas, 500 East San Antonio Street, Room 203, El Paso, Texas 79901, is the Defendant pursuant to TTCA, for Premises Liability.

### JURISDICTION

3. Federal Court jurisdiction exist under 28 USC §§ 1331 and 1391; TTCA under §§ 101.101 and 101.022; and the Texas Savings Statute, § 16.064(a), because this Original Complaint is being filed within 60 days from lawsuit under EP-12-CV-311-PRM, was dismiss without prejudice.

### EXHAUSTION

5. Plaintiff contents Defendant had actual notices of claim pursuant to TTCA, § 101.101(c). Plaintiff then timely filed Notice of Injury with Defendant, which was denied.

### RELEVANT FACTS

6. On August 15, 2010, Sunday, at approximatley 08:30 am,

the plaintiff, a 65 year old, vietnam veteran (U.S. Marine Corp), walked onto defendants property at Santa Fe Street/ and Callenos Street, walking on a fenced in temporary asphalt walkway that snakes through a construction site, on both sides of fenced in temporary asphalt walkway, which led to the toll booth of the Paso del Norte Bridge.

7. Plaintiff while walking towards toll booth on this temporary asphalt walkway, tripped and fell injuring his left ankle, lower back, bruising and cutting his knee.

8. Plaintiff after propping and supporting him self up with the fence, looked and saw that plaintiff fell because of a hole in the asphalt in the center of temporary walkway that was approximately 4 inches deep and 18 inches round. Plaintiff looked around from where plaintiff stood propped up on the fence, and did not see any warning sign anywhere.

9. On August 16, 2010, Monday, at approximately 09:45 am, plaintiff walking with cane, went back to where plaintiff tripped and fell, and started taking pictures of the walkway, hole from different angles and as well as enter and exit to show there was not one warning marker anywhere to indicate a hole or a sign informing pedestraining to proceed with caution.

10. While the plaintiff was taking pictures of the walkway a few construction workers who were inside the construction site, asked plaintiff what he was doing. Plaintiff told a worker about plaitniff falling in hole injuring ankle and back on the way to church the day before. This worker told plaintiff that they've seen people tripping, stumbling and

even fall because of the hole in walkway. This worker told plaintif that they told the people who clean around the are and the custom agents about hole. The worker told plaintiff, they went and looked at it but never had anybody to come repair it. Plaitniff asked worker for his name but worker refuse.

11. When plaintiff started calling around inquiring into who owned property plaintiff was told by the City of El Paso, Texas, the Defendant, that the property was owned by the U.S. Goverment.

12. Plaintiff after inquiring about who own property, plaintiff injury because of temporary walkway. The temporary asphalt walkway was closed two days after plaintiff inquirer. Where pedestrians were required to walk to South El Paso Street, then up to the Paso del Norte Bridge to the toll booth, rather then walk on temporary asphalt walkway that snake through construction site.

## FIRST CAUSE OF ACTION

Defendant, the City of El Paso, Texas is liable for physical injuries and physical pain that plaintiff sustain as a public invitee, on Defendant premises, under the TTCA, for premises liability.

13. Plaintiff hereby reasserts and realleges ¶¶ 6-12, as if such paragraph were fully set forth at length.

14. At all times herein, the acts of the Defendant, as contained in ¶¶ 6-12 paragraph, were committed under the TTCA, for premises liability.

15. Plaintiff as a public invitee, contents Defendant, the City of El Paso, Texas, had constructive knowledge of the hole in the asphalt on the temporary walkway via workers

who clean around bridge, or custom agents, who maybe were contract security guards (similar uniform as Custom Agents), and or medical documentation or complaints from pedestrians who may have seen, hurt or injury themselves on temporary asphalt because of hole. Additionally, when plaintiff call the Defendant inquiring who owns property because plaintiff was injury. Defendant investigate then closed temporary walkway. § 101.101(c).

16. Defendant knew a hole was in the center of walkway would created a unreasonable risk because hole caused plaintiff injuries when plaintiff tripped and fell.

17. Defendant had a temporary asphalt fenced in walkway that snaked through construction site. Defendant did not have any warning markers anywhere or signs, informing plaintiff a public invitee, to proceed with care and there was a danger to plaintiff safety and health if plaintiff use walkway.

18. Defendant failure to repair hole or post signs of danger caused plaintiff injuries.

19. As a result of the acts of the Defendant, the City of El Paso, Texas, plaintiff suffered damages for physical pain, present and future, physical injuries to include the health in the amount of $189,234.

20. Plaitniff additionally request that the Court, in its discretion, award plaintiff any damages, to include the above said amount, it see fit.

## DEMAND FOR TRIAL BY JURY

21. In the event that this Court does not grant the relief

requested herein, or the Court deems proper and just, Plaintiff request that the issue of this action proceed to trial by jury.

10-17-2012
DATE

10414 Dyer St #4
El Paso Tx 79924
915 8732765

Macedonio Martinez